IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-05093-CV-RK |
| | ) | |
| PUPPY TRAVELERS, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this case Plaintiff United States of America seeks a money judgment from Defendant Puppy Travelers, L.L.C., to include a $10,020 civil penalty it incurred for its September 13, 2016 violations of filing requirements under the federal motor carrier and hazardous materials regulations at 49 C.F.R. 387.7(a) and 390.19(7)(a).[1] Plaintiff's complaint indicates the U.S. Department of Transportation Federal Motor Carriers Safety Administration issued a Notice of Claim to Defendant on September 20, 2017, proposing a civil penalty in the amount of $10,020 for violations of the regulations. (Docs. 1, 1-1.) The Notice of Claim notified Defendant of its right to contest the Notice of Claim, and Defendant did not respond to the Notice of Claim. (*Id.*) Despite Plaintiff's demand to Defendant that it pay the civil penalty, Defendant has not complied with the Notice of Claim, failing to pay the civil penalty. (Doc. 1.)

Now pending before the Court in this case is Plaintiffs' motion for default judgment against Defendant. (Doc. 14.) After careful consideration and for the reasons explained below, Plaintiff's motion for default judgment is **GRANTED**.

### I. Procedural Posture

Plaintiff filed this federal lawsuit on December 9, 2022. (Doc. 1.) On May 10, 2023, Plaintiff filed a return of service indicating that Defendant was served on May 9, 2023, with service "on the individual at" the address of Defendant Puppy Travelers, L.L.C. (Doc. 8.)

On June 21, 2023, after Defendant failed to file an answer or otherwise respond, Plaintiff filed an application for clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 11.) A clerk's entry of default accordingly was entered on July 27, 2023. (Doc.

---

[1] 49 C.F.C. 390.19(7)(a) is now located at 390.19T(b)(1).

13.)  Plaintiff filed the instant motion seeking a default judgment against Puppy Travelers, L.L.C., on July 27, 2023.  (Doc. 14.)

## II. Discussion

### A. Plaintiffs' Motion for Default Judgment

The Federal Rules of Civil Procedure prescribe a two-step procedure for obtaining a default judgment against a defendant who does not appear or respond after being properly served with process.  *See* Rule 55(a)-(b).  First, when a party "has failed to plead or otherwise defend . . . the clerk must enter the party's default."  Rule 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the clerk must precede grant of default judgment under Rule 55(b)).  Second, Rule 55(b) authorizes the clerk or court to enter a default judgment.  If the judgment sought is not for a sum certain, a "party must apply to the court for default judgment."  Rule 55(b)(2).  Rule 55 provides that the court may hold hearings if necessary to conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter.  *Id.*

As noted above, the Clerk previously entered default against Puppy Travelers, L.L.C.  Here, Plaintiff seeks a "sum certain."  In particular, the declaration in support of Plaintiff's motion for default judgment indicates the sum to be $19,047.94.  (Doc. 14-1, ¶ 6.)  That sum includes $10,020.00 in principal, accrued interest of $563.10 through July 27, 2023, plus interest at the rate of 1 percent per annum until the date of judgment; plus a penalty in the amount of $3,378.25, plus interest at the rate of 6 percent per annum until the date of judgment;[2] plus an administrative cost of $36.00, and Treasury and Department of Justice fees in the amount of $5,050.59.[3]  (*Id.*; *see also* Doc. 1, ¶ 4.)

"A default judgment entered by the court binds the party facing the default as having admitted all of the well-pleaded allegations in the plaintiff's complaint."  *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).  "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation and quotation marks omitted); *accord*

---

[2] Pursuant to 31 U.S.C. § 3717(e).
[3] Pursuant to 31 U.S.C. § 7311(g)(6).

*Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) ("it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment") (citation and quotation marks omitted). To enter default judgment in favor of Plaintiff against Puppy Travelers, L.L.C. in this case, then, the Court must be satisfied that, accepting as true all well-pleaded facts in Plaintiff's complaint, Plaintiff has properly asserted its cause of action under 49 U.S.C. § 521(B)(4) against Defendant.

### B. Factual Allegations in Plaintiffs' Amended Complaint

Title 49 U.S.C. § 521(B)(4) provides that the United States may recover a civil penalty for violations relating to commercial vehicle motor vehicle safety regulation and operators in an action in the district court. Plaintiff's complaint alleges Defendant had two violations of filing requirements under the federal motor carrier and hazardous materials regulations at 49 C.F.R. 387.7(a) and 390.19(7)(a). These are commercial vehicle motor safety regulations. Plaintiff's complaint indicates the U.S. Department of Transportation Federal Motor Carriers Safety Administration issued a Notice of Claim about these violations to Defendant on September 20, 2017, proposing a civil penalty in the amount of $10,020. (Docs. 1, 1-1.) The Notice of Claim notified Defendant of its right to contest the Notice of Claim, and Defendant did not respond to the Notice of Claim. (*Id.*) Despite Plaintiff's demand to Defendant that it pay the civil penalty, Defendant has not complied with the Notice of Claim, failing to pay the civil penalty. (Doc. 1.)

### III. Conclusion

For these reasons, the Court finds Plaintiffs' amended complaint sufficiently states a legitimate claim against Puppy Travelers, L.L.C., pursuant to § 521(B)(4), and therefore Plaintiffs' motion for default judgment as to this claim is **GRANTED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 29, 2023